**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIETING HE, | No. 19-70775 |
| Petitioner, | Agency No. A205-551-211 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 21, 2022**
San Francisco, California

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Jieting He ("He"), a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum, withholding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal, and relief under the Convention Against Torture ("CAT"). We grant the petition for review and remand for further proceedings.

He fled China in 2012 because she was an unmarried woman who became pregnant in violation of China's family planning policy and feared a forced abortion. She has given birth to two children in the United States, remains unmarried, and testified she would like to have more children. The IJ found her credible but denied her claims because of the subsequent change in China's one child policy:

> According to the U.S. State Department Country Report, as of January 1, 2016, China ended its one child policy by raising the birth limit imposed on its citizens from one to two children. . . . The respondent seemed totally unaware of the fact that the one child policy had been eliminated and was visibly affected by the news. . . . *No evidence was offered to the Court that would indicate why or how unmarried couples would suffer or be treated in any manner differently than the couples mentioned in the U.S. State Department Country Report.*

The BIA adopted and affirmed the IJ's decision, citing *Matter of Burbano*, 20 I&N 872, 874 (BIA 1994), reasoning:

> The Immigration Judge did not clearly err in her factual finding that China has ended its one child policy, and now allows its citizens to have 2 children and apply for permission to have a third child. *As noted by the Immigration Judge, the respondent did not offer evidence of why or how an unmarried parent in her situation would suffer or be treated differently than married couples as addressed in the country reports contained in the record.*

Both decisions misstate the record regarding a critical fact. The 2016 Department of State Human Rights Report in the record explicitly indicates that

2

although the one child regulations for *married couples* have changed to allow two children, the regulations pertaining to *unmarried* women have not: "Regulations pertaining to single women and unmarried couples remain unchanged. Children born to single mothers or unmarried couples are considered 'outside of the policy' and subject to the social compensation fee and the denial of legal documents. . . ."

An agency decision cannot stand if it did not consider all the evidence before it, including "misstating the record and failing to mention highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011); *see also Parada v. Sessions*, 902 F.3d 901, 915–16 (9th Cir. 2018) (remanding to the BIA to "consider all relevant evidence"). Thus, we grant the petition and remand He's asylum, withholding of removal, and CAT claims to the BIA for further proceedings consistent with this disposition. He's removal is stayed pending a decision by the BIA.

**PETITION FOR REVIEW GRANTED; REMANDED.**